# EXHIBIT 21

As corrected May 11, 2023 Planning Commission

**COMSTOCK CHARTER TOWNSHIP**
**PLANNING COMMISSION**
**MINUTES OF MEETING HELD APRIL 27, 2023**

A meeting of the Comstock Charter Township Planning Commission was held on Thursday, April 27, 2023 at the Comstock Township Hall beginning at 7:00 p.m.

    Members Present:    Jeff Ampey
                                 Allan Faust, Secretary (arrived at 7:15 p.m.)
                                 Patrick Hanna
                                 Jennifer Jones-Newton, Chair
                                 Larry Nichols
                                 Bub Sherwood
                                 Ron Sportel, Vice Chair

    Members Absent:    None

Also present was Community Development Director Jodi Stefforia, Township Attorney Catherine Kaufman and eight other interested persons.

**Call to Order**
The Chair called the meeting to order at 7:00 p.m.

**Approval of Agenda**
The Chair asked if there were any additions or deletions to the agenda. Hanna said he would like item 5a stricken from the agenda given the unapproved condition of the driveway in violation of the driveway permit issued in 2016. Motion by Hanna with support by Sportel to remove item 5a from the agenda; motion passed by roll call vote with Jones-Newton voting in opposition and Faust being absent.

Kaufman stated that the Planning Commission should discuss what needs to be done by the applicant to move forward with a decision. He has paid for special exception use approval; the public hearing was held and we need to get to a decision in a timely manner. She suggested that a discussion be added to the agenda under Any Other Business. Motion by Jones-Newton with support of Sportel to approve the agenda as amended adding the discussion of Soil Friends request under Any Other Business; motion passed.

**Approval of Minutes**
The Planning Commission reviewed the minutes of the April 11, 2023 meeting. Motion by Sportel with support of Hanna to approve the minutes as presented; motion passed.

**New Business**

*Public Hearing: Special Exception Use & Site Plan Review – Smart Storage Comstock, LLC  (5570 Gull Road)*
The Planning Commission considered the request of Jeffrey, Rodney and Joey Gappy of Smart Storage Comstock LLC for special exception use and site plan approval for a mini storage facility to be established at 5570 Gull Road.  Ms. Stefforia presented her report dated April 27, 2023 which is incorporated herein by reference.

The existing 34,000 square foot building will be converted to 147 storage units accessed from the interior. Eleven additional storage buildings are proposed in the area presently a parking lot. A total of 401 units will result at buildout per the plans but that number is fluid. Mini storage is a special exception use. No outdoor storage is proposed.

Last year, a different applicant had requested conditional rezoning to B-3, General Business District to allow outdoor storage. That request was subsequently withdrawn. The Michigan Department of Transportation (MDOT) has issued a driveway permit for this change in use of the property subject to no outdoor storage. A loading area for the interior units is shown on the east side of the building. Exterior light fixtures are not shown.

A berm and ornamental fence are proposed along the Sprinkle Road frontage. A berm is also proposed in the northwest corner to further buffer the southbound view into the site. Plantings in keeping with a Type C greenspace are proposed along with the berms.

Pavement will be removed along property lines where greenspaces are not presently provided. Plantings are proposed along the other property lines with the exception of the south line given the wooded nature and depth of the abutting properties. She stated that landscaping along the south and the east property lines is not warranted given the topography and/or wooded nature of these abutting properties. There are three gates proposed. The site will be fenced with a mix of chain link and ornamental fencing. Buildings will provide for site enclosure in lieu of fencing in some areas.

The special exception use principles and conditions were reviewed. It was noted that the area is planned for Corridor Commercial on the Future Land Use Map. This site is at the south end of the Gull Road commercial strip. This classification calls for shared access and use of greenspace and landscaping to enhance the corridor. These are provided on this site plan.

Next, whether the storage business will affect adversely the health and safety of residents or workers in the area or be detrimental to the use or development of adjacent properties or the general neighborhood was considered. This is the south end of the commercial corridor, homes on abutting residential properties are more than 1,500 feet to the south. The shared access and approval of MDOT allows this criterion to be met. The applicant should speak to plans for exterior lighting.

The third criterion was considered regarding whether standards as may be set forth for the use and under which special exception may be granted, can and will be met by the applicant. There are presently no adopted standards for a mini storage business. Outdoor storage is not permitted in this zoning district.

Last, whether the use is compatible with the natural environment and the capacities of public services and facilities affected by the use was considered. Nearly the entire site is paved or building with some removal for this project. MDOT has issued a driveway permit.

The site plan review findings of fact were then addressed beginning with the shared access to Gull Road and the approval of MDOT for the change in use of the driveway. Internal circulation involves parking for customers with an interior unit while external storage customers will park by their unit.

Impacts on adjacent properties and the neighborhood were considered. A berm is proposed along the Sprinkle Road frontage and the northwest corner of the site to buffer the view from the corridor.

Regarding retaining landscaping for screening and buffering of the use from neighboring properties, there are no landscape features to retain. The site is nearly entirely impervious surfaces. No adverse effects are anticipated that will not be addressed by the planned berms. No new plantings are warranted along the east property line and south property line given the wooded nature of abutting properties.

There are no known zoning ordinance variations on the site plan. The Fire Marshal has reviewed and approved the site plan. The use is consistent with the intent and purpose of the Zoning Ordinance and the B-2, Community Business District. Stormwater will continue to be managed with a series of catch basins as is presently done.

The Planning Commission Bylaws state that action will not be taken on a special exception request on the date of the public hearing unless there is a unanimous vote of Planning Commissioners present and eligible to vote to waive the postponement. When action is taken, suggested conditions include approval of the fire marshal, township engineer and submission of a revised landscaping plan.

Dan LeClair of Greentech Engineering addressed the Planning Commission. He said the exterior units come folded down 12 to a pallet. The walls go up and are bolted together then the roof is placed. The units come in various colors. They are going with portable buildings versus traditional storage buildings due to the slope of the site and because of existing infrastructure under the pavement and the impact on the footings. The buildings are permanent even though they are portable. Each unit has a floor. The number of units inside the bowling alley is convertible as the walls can be moved.

Regarding lighting, conduit will be run under the pavement to put lights on the buildings and two pole lights along the driveway. A photometric plan has been prepared.

Regarding landscaping, they are proposing to remove asphalt along Sprinkle Road frontage and the area abutting McDonalds. This reduces the impervious area and stormwater management needs. There will be fencing where there are gaps between buildings. Two sliding gates and an emergency access gate will be provided.

The plan maximizes the berm along Sprinkle Road with it being 5 feet tall at the north end narrowing in width toward the south so that emergency access can be maintained around the southwest corner of the site. There is not a lot of room to add landscaping but if plantings are waived on the east line, more can be added along the berm.

He requested action on the special exception use this evening due to timing commitments with the seller. They can live with the suggested conditions.

Sportel asked if there will be lighting above each unit.

LeClair shared a plan. The lights will shine down. The doors are interior to the site which keeps the lighting away from neighboring properties.

Sportel asked if the units would sit on the ground.
LeClair answered that the units sit on skids, stormwater can pass under.

Sherwood asked about the size of the units.

3

1  LeClair answered that they are 8 foot by 20 foot structures. They can be configured into different
2  unit sizes for rent as small as 8 foot by 4 foot. They are doing a market study.

4  Jones-Newton asked about durability to weather and vandalism.

6  LeClair stated they are built like a shipping container. The walls are on hinges. The exterior will
7  be metal just like a traditional storage building. The 8 foot by 20 foot structures weigh 3,000
8  pounds.

10 Hanna asked if the units were similar to a pod and how they withstand a rain event.

12 Jeff Gappy, applicant, addressed the Planning Commission. He said the units are similar to a
13 pod and can withstand a significant rain event.

15 LeClair added that they are weather sealed. There is no history of flooding at this site. Water can
16 pass under the units.

18 Jones-Newton asked if there would be an onsite manager.

20 Gappy said there will be 2 to 3 employees at the site on a daily basis. Access is limited to renters.
21 Interior units are accessible during business hours. External units are accessible 24 hours a day.

23 Ampey asked about the berm along Sprinkle Road and where the fence will be placed.

25 LeClair noted that that berm height varies starting at 5 feet tall tapering to 3 feet tall at the
26 narrowest point. A fence will be placed on the drive aisle side of the berm for security purposes.

28 Hanna asked about restrooms.

30 Gappy said there will be a restroom for personnel.

32 Sportel asked about how the interior units will be established.

34 Gappy said there will be 7-foot-tall metal walls.

36 Faust asked if a feasibility study had been conducted.

38 Gappy stated that the study is underway. They feel there is a need in this area.

40 Hanna noted that there are a lot of apartments in the area and more under construction.

42 Motion by Faust with support from Sportel to open the public hearing; motion passed.

44 Two individuals addressed the Planning Commission. Stefforia read an email received.

46 Motion by Sportel with support from Faust to close the public hearing; motion passed.

48 Jones-Newton asked the applicant to address the questions raised during the public hearing.

50 Gappy said the buildings are 8 foot by 20 foot; individual rental units can be smaller but are within
51 the larger building not stand alone.

4

Jones-Newton said she wants the Planning Commission to review the special exception use standards before making a decision on whether or not to waive the bylaws. The first criterion was considered and found to be met. The berm is a nice addition and she likes that there is no proposed outdoor storage to impact the view of the site.

The next criterion was considered. Sherwood said he feels the neighborhood will not be impacted and that this use will generate less traffic than the bowling alley.

Jones-Newton said she likes that someone local will be at the site to monitor.

Faust said the lighting meeting the ordinance limitations should not impact neighboring residents.

Sherwood noted that it is wooded for hundreds of feet to the south.

Jones-Newton said she likes the lighting proposal as this is a dark area of the Sprinkle Road corridor.

The third criterion was discussed. Jones-Newton noted that there are no specific standards for mini storage businesses. Security has been discussed; the weight of the buildings was noted. There was consensus that the use meets the B-2 intent. It is a good use for the area.

The last criterion was considered. There will be no impact on public facilities. The berm improves the appearance of the site from the corridor.

<u>Motion</u> by Sherwood with support from Sportel to waive the bylaws and take action on the special exception use request; <u>motion passed</u>.

<u>Motion</u> by Hanna with support from Ampey to grant the special exception use request; <u>motion passed</u>.

Jones-Newton then lead a discussion of the site plan review standards. It was noted that the site redevelopment is an improvement to the corridor.

Sportel said he wants to see more evergreen plantings along the berm.

Faust concurred adding that the applicant should provide evergreens along the berm with waiver of plantings along the east property line.

Hanna said that the evergreens will provide a year-round buffer of the view.

It was noted that no variances are requested and the Fire Marshal has approved the site plan.

Jones-Newton noted that this is a B-2 zoned area and the use is fitting with the zoning district.

Sherwood said the site abuts woods to the south and east. There is a hill to the east. The site is secluded in its location.
Ampey said this proposal is a better plan for the site than the previous proposal.

<u>Motion</u> by Ampey with support from Faust to grant site plan approval subject to the following conditions:

5

- Approval of the Fire Marshal.
- Approval of the Township Engineer.
- A revised landscaping plan be provided allowing for no plantings on the south and east with the provision of more evergreens on the berm along the west side of the property, subject to administrative approval.
- A photometric plan be provided demonstrating compliance with the zoning ordinance.

Motion passed.

**Old Business**
None.

**Any Other Business**
Kaufman asked for clarification as to why the Soil Friends item was stricken from the agenda. At the last meeting, the applicant was told to get health department confirmation on the well and septic, an updated site plan regarding the ADA spaces, and contact the road commission about the driveway. He has done these things. She then read from the stipulated amended court order agreed to between the Township Board and the applicant's attorney. It lays out the timeline for the applicant to apply for special exception use approval which the applicant has done. It is now on the Planning Commission to process the request in a timely manner.

Hanna stated that in 2016, the driveway permit was required to be hard surface concrete or asphalt.

Kaufman stated that is a Road Commission of Kalamazoo County item not a Township item. The driveway was not a Township condition in 2016. The Planning Commission may put reasonable conditions on a special use permit.

The farm market is allowed under the Right to Farm Act. The applicant has a small winemaker license with prior approval from the Township. The driveway was not a condition of approval. She is concerned about holding up the applicant for another agency's requirement.

We have a stipulated agreement saying we are moving forward with the process. We have to process the request in a timely manner. She is concerned that it was not even discussed tonight due to the driveway issue. The request has to be processed fairly and neutrally. Conditions can be placed and if the conditions are not met, the applicant can be taken to court.

Motion by Hanna with support of Faust to add the special exception use and site plan review request of Soil Friends, LLC back on the agenda.

Jones-Newton asked why the others voted to remove the agenda item. She wants to be sure concerns are addressed.

Sherwood said he wanted everything done right, t's crossed and i's dotted.

Kaufman advised that the request should at least be discussed tonight even if action is not taken.

Jones-Newton said she voted against removing the item because she does want to discuss the request.

Motion passed to reinstate the agenda item.

***Special Exception Use & Site Plan Review – Soil Friends (1701 North 33rd Street)***
The Planning Commission resumed consideration of the request of Ben Martin of Soil Friends, LLC for special exception use and site plan approval for a winery and tasting room. Ms. Stefforia highlighted updates in the report dated April 27, 2023 from the April 11, 2023 version both of which are incorporated herein by reference.

Faust stated that we asked the applicant to get a driveway permit, he did. We asked him to confirm health department approval of the well and septic for the winery, he did. We asked for a note on the plan for the ADA spaces, it was provided. He thanked the applicant for doing what was requested.

Jones-Newton began reviewing the special exception use standards. She asked how a cidery fits under the Right to Farm Act. The product is cider.

Sportel said that the Township Board has already approved a small winemaker license.

Ben Martin addressed the Planning Commission. He said it was not a special use when the license was approved. He went straight to the Township Board and a driveway permit was not required.

The next standard was considered. It was noted that the caning process is not a concern. The outdoor events if sound is amplified would negatively impact the neighbors. Amplification should be limited to indoors.

Nichols stated that he is concerned about use of an amplifier outdoors.

Ampey noted that the Planning Commission recently approved an event barn and conditioned it upon no outside amplifier use and if used indoors that the doors and windows have to be closed. At the public hearing on the present request, we did hear from a neighbor complaining about the noise. The applicant saying that he will not play rock music is not adequate. We have to stay consistent.

Faust said the genre of music is not the issue, the noise level is the issue.

Martin stated that the MLCC allows outdoor music with the license. The law says he can play music outside. He wants to play music for his customers.

Sherwood responded that the MLCC license says you have to follow local rules and regulations. Our job is the special exception use review of the canning, winery and tasting room.

Kaufman stated that is correct. If the MLCC says okay a license holder still has to comply with local zoning. He has to meet both licensing requirements and local regulations. The Planning Commission may be more restrictive if through discussion finds that the use can meet the special exception use criteria with the imposition of conditions.

Martin asked if they were making up rules on the fly.

7

1  Kaufman responded that walking through the standards and findings of fact to see if they are
2  met or can be met with the imposition of reasonable conditions is the process followed. If the
3  use meets the standards, it has to be approved even if with the imposition of conditions.
4  Through this process, the Planning Commission may decide that amplification of music
5  outdoors is not allowed.
6
7  Martin stated that Kaufman should look at the MLCC rules.
8
9  Jones-Newton stated to Martin that we want to discuss the request but you keep interrupting
10  with the same question and statement. Her concern is that the residents that live nearby now
11  were there before this use.
12
13  Ampey said we should be consistent. We have an obligation to be concerned for residents in
14  the area. We have to protect their interests as well. If it is as simple as modifying the music, it
15  should be a condition.
16
17  Sherwood asked if events and music were phase 2. He did not agree to that when the stipulated
18  order was drafted.
19
20  Kaufman stated that wine tasting allows music. The applicant is asking if he can do that now.
21
22  Sherwood stated that we have an obligation to the community.
23
24  Faust noted that MLCC does not trump local zoning.
25
26  Discussion returned to the second special use criterion.
27
28  Jones-Newton asked if the hours of operation should be reduced noting that the applicant wants
29  9 a.m. to 9 p.m. seven days a week.   She asked if this was the right site for such an intense
30  use if the applicant can make up to 50,000 gallons.
31
32  Sportel asked if Martin would be able to increase over 50,000 gallons.
33
34  Kaufman stated that it should be a condition of approval that it is limited to a small winemaker
35  license only and if the applicant changes licenses to increase capacity or license type, he will
36  have to return to the Planning Commission.
37
38  Hanna asked if the applicant was allowed to distill.
39
40  Kaufman answered that the current license does not allow it.
41
42  The remaining special exception use criteria were reviewed per the staff report.
43
44  Kaufman suggested a few conditions per the discussion. She stated that once conditions are
45  placed upon a special exception use they can only be modified in writing with the consent of
46  both parties.
47
48  Jones-Newton stated that to be consistent, no use of amplifiers outside should be a condition.
49
50  Ampey said that he is not opposed to live music outside if there is no use of amplifiers.
51

8

Martin challenged any condition regarding the driveway as it was not explicitly a condition of the event barn approval on 35th Street.

Kaufman noted even if the Planning Commission did not list Road Commission approval as a condition on the other request, it is still required by that agency.

Stefforia added that with any project, there are other agency approvals that will be necessary. They do not need to be listed by the Planning Commission for them to be required by a county or state agency.

Discussion of the request having been exhausted, motion by Jones-Newton with support from Faust to grant special exception use approval for the winery with tasting room subject to the following conditions:

- Hours are limited to 9 a.m. to 9 p.m. Monday through Sunday.
- No amplification of music outside the barn.
- No use of speakers outside the barn.
- No access to East Main Street.
- All required federal, state, county and local licensing and approvals.
- Annual review of the special exception use for three years which schedule of review may be amended.
- Lighting shall comply with the zoning ordinance.
- Any change in license type requires Planning Commission approval.
- Any increase in production beyond a small winemaker license requires Planning Commission approval.

Kaufman restated that any condition can be changed in the future with mutual agreement and in writing.

Motion passed unanimously by roll call vote.

Site plan review was then considered. The findings of fact against the standards were reviewed.

Sportel stated that there should be a fence along the north line to keep patrons off the neighbor's property.

Martin stated that there is a barrier there presently that prevents people from going off-site.

Stefforia read the Fire Marshal's memo granting conditional approval of the site plan dated April 21, 2023.

Motion by Faust with support of Hanna to grant site plan approval subject to the following:
- Fire Marshal approval.
- Road Commission of Kalamazoo County approval.

Motion passed.

**Citizen Comment**
One individual addressed the Planning Commission.

**Updates from Other Boards**
None.

**Training Updates**
Sherwood shared that he attended the MTA conference and sat in on a few sessions regarding large scale solar.

**Planning Commissioner Comments**
None.

**Adjournment**
The meeting was adjourned at 9:10 p.m.

_____
Allan Faust, Secretary

| | |
|---|---|
| Prepared by: | Jodi Stefforia, Community Development Director |
| Minutes prepared: | May 1, 2023 |
| Minutes approved: | May 11, 2023 |

10